THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BRUCE HARDING, Respondent.

Third Department, May 10, 1984

APPEARANCES OF COUNSEL

*Benjamin J. Bucko, District Attorney (Robert C. Mulvey* of counsel), for appellant.

*James A. Baker* for respondent.

**OPINION OF THE COURT**

MIKOLL, J.

The threshold issue presented for our decision in this case is whether the People have a right to appeal from a trial order of dismissal granted in a jury trial at the close of the People's case. We hold that an appeal from such an order is not available to the People since there is no statute granting the People the authority to do so.

Defendant was indicted by a Tompkins County Grand Jury for the crime of burglary in the third degree. The indictment came on for trial on August 10, 1983 after the selection of a jury. At the conclusion of the prosecution's case, defendant moved for dismissal of the indictment on the ground that the People failed to prove a prima facie case. Defendant argued that the corroboration required by CPL 60.50 had not been proved. The trial court, in granting defendant's motion, found that "there was no independent evidence that there had been an unlawful entry or remaining in the subject building with intent to commit a crime". The People have appealed from that order.

Defendant thereafter moved for dismissal of the appeal on the grounds that it was unauthorized by law and violated defendant's constitutional right not to be placed in double jeopardy. The motion was denied by this court "without prejudice to the issues being raised on argument of the appeal".

CPL 450.20 (subd 2), as it existed prior to its amendment effective May 31, 1983 (L 1983, ch 170, § 3), authorized appeal by the People from a trial order of dismissal granted pursuant to CPL 290.10 and 360.40. However, since May 31, 1983, CPL 450.20 provides, insofar as pertinent:

"An appeal to an indeterminate appellate court may be taken as of right by the people from the following sentence and orders of a criminal court * * *

"2. An order setting aside a verdict and dismissing an accusatory instrument or a count thereof, entered pursuant to paragraph (b) of subdivision one of section 290.10 or 360.40".

CPL 290.10, as amended effective May 31, 1983 (L 1983, ch 170, § 1), provides, insofar as pertinent: "1. At the conclusion of the people's case or at the conclusion of all the evidence, the court may, except as provided in subdivision two, upon motion of the defendant, (a) issue a 'trial order of dismissal,' dismissing any count of an indictment upon the ground that the trial evidence is not legally sufficient to establish the offense charged therein or any lesser included offense, or (b) reserve decision on the motion until after the verdict has been rendered and accepted by the court."

Thus, it is apparent from a reading of the above provisions that after May 31, 1983, unless a trial court reserves decision on a motion for a trial order of dismissal based on insufficient legal evidence made pursuant to CPL 290.10 (subd 1, par [a]) and conforms with the requirements of paragraph (b) thereof, an appeal from the order of dismissal is unavailable to the People (see Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 450.20, pp 548-551). In the case at bar, there was no verdict to be set aside as required by CPL 450.20 and the trial court did not reserve decision and wait for a jury verdict. The appeal by the People must, therefore, be

dismissed. Accordingly, we do not reach the merits of the People's appeal.

The appeal should be dismissed.

MAHONEY, P. J., CASEY, WEISS and YESAWICH, JR., JJ., concur.

Appeal dismissed.